# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICIA STEWART | CIVIL ACTION NO. |
| VERSUS | |
| | 19-474-JWD-EWD |
| LOUISIANA CVS PHARMACY, L.L.C. | |

## NOTICE AND ORDER

This is a civil action involving claims for damages by Plaintiff Patricia Stewart ("Plaintiff"). Specifically, Plaintiff claims she suffered injuries on December 31, 2018 in East Baton Rouge Parish, Louisiana when she tripped on a mat at the entrance of a CVS store owned and/or operated by Defendant Louisiana CVS Pharmacy, L.L.C. ("Defendant"). On or about June 7, 2019, Plaintiff filed her Petition for Damages for Personal Injuries ("Petition") against Defendant in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[1] On July 19, 2019, Defendant removed the matter to this Court asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[2]

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The Notice of Removal alleges that Plaintiff is a Louisiana citizen[3] and Defendant is a limited liability company that is comprised of one member, CVS Pharmacy, Inc., which is incorporated

---

[1] R. Doc. 1-2.
[2] R. Doc. 1, ¶¶ 4, 8.
[3] Plaintiff's Petition also states that Plaintiff is domiciled in Louisiana. R. Doc. 1-2, introductory paragraph.

and has its principal place of business in Rhode Island and is thus a citizen of Rhode Island.[4] Therefore, complete diversity of citizenship appears to exist.

However, it is not clear from the Notice of Removal or the Petition whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[5] The Petition alleges that "Upon information and belief, petitioner PATRICIA STEWART was carefully walking out of the entrance of the CVS, whenever she suddenly tripped on a mat that had been placed at the entrance of the CVS store," and then fell.[6] Plaintiff alleges the following injuries:

> 8.
> As a direct result of the accident sued upon herein, petitioner PATRICIA STEWART has suffered physical injuries and said injuries have required medical treatment and caused physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, and the potential for economic loss, and potential permanent disability, all of which entitle PATRICIA STEWART to the recovery of reasonable damages.[7]

In connection with these injuries, Plaintiff seeks damages, costs and interest.[8]

In the Notice of Removal, Defendant alleges that, in light of Plaintiff's "laundry list" of damages set forth above, which includes an allegation of "potential permanent disability," and Plaintiff's failure to stipulate that her damages are less than $75,000 as required by La C.C.P. Art. 893(A)(1), "the requisite amount in controversy is met. As such, Defendant …submit (sic) it is facially apparent from the Petition that the amount in controversy exceeds $75,000, exclusive of costs and interest."[9]

---

[4] R. Doc. 1, ¶¶ 5-7.
[5] *See* 28 U.S.C. §1332(a).
[6] R. Doc. 1-2, ¶¶ 3-4.
[7] R. Doc. 1-2, ¶ 8.
[8] R. Doc. 1-2, ¶ 8 and prayer for relief.
[9] R.Doc. 1, ¶¶ 10-14 *and citing* cases.

The foregoing does not provide enough information to determine whether Plaintiff's claims will likely exceed $75,000 exclusive of interest and costs. First, Plaintiff's general allegations of damages, *i.e.*, "physical injuries [that] have required medical treatment," physical pain and suffering, mental anguish pain and suffering, "potential" economic loss and "potential" permanent disability,[10] are insufficient to establish the amount in controversy, particularly considering that some of the alleged injuries/damages are alleged to have only "potentially" occurred. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *Davis v. JK & T Wings, In*c., and cases cited therein.[11]

In this case, no details have been alleged regarding the actual injuries suffered by Plaintiff, the nature of Plaintiff's medical treatment, the actual amount of medical expenses Plaintiff has incurred thus far (if any), the extent of Plaintiff's alleged "potential permanent disability," Plaintiff's prognosis and recommended future treatment or whether Plaintiff is working/can work. Defendant has not offered any specific medical information regarding Plaintiff's injuries, treatment, prognosis, and expenses in support of the amount in controversy. There is also no evidence of any settlement demands, discovery responses, or relevant documents produced in discovery that would have bearing on the amount in controversy. Further, Plaintiff's failure to allege that she is seeking less than $75,000 as required by La. C.C.P. art. 893[12] is not alone

---

[10] R. Doc. 1-2, ¶ 8.
[11] No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012).
[12] R. Doc. 1-2, ¶¶ 12-13.

determinative of the amount in controversy, though it is one factor that can be considered.[13] Finally, although Defendant cites cases from the Eastern District of Louisiana in support of its argument that the scant allegations of this Petition support a finding that the amount in controversy is facially apparent, this Court has consistently held that such allegations, standing alone, will not satisfy the amount in controversy requirement.[14] Based on the foregoing and taken as a whole, it is not apparent from either the Notice of Removal or the Petition whether Plaintiff's claims are likely to exceed $75,000, exclusive of interest and costs.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the amount in controversy requirement has been met.[15]

Accordingly,

**IT IS HEREBY ORDERED** that on or before **July 30, 2019**, Defendant Louisiana CVS Pharmacy, L.L.C. shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED** that on or before **August 13, 2019**, Plaintiff Patricia Stewart shall file either: (1) a Notice stating that Plaintiff does not dispute that Defendant has established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

---

[13] *See Ford v. State Farm Mut. Auto. Ins. Co.,* No. 08-403, 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009) ("[A]ll three U.S. District Courts in the State of Louisiana have recognized that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy. *See Weber v. Stevenson,* 2007 WL 4441261 (M.D. La. 2007) ("While the failure to include an allegation in the state court petition that one's damages are less than the federal jurisdictional minimum in accordance with La. C.C.P. art. 893 is entitled to 'some consideration,' it is not, in and of itself, determinative of the amount in controversy.")

[14] *See, e.g., Akinkugbe v. Red Frog Events, LLC, et al.*, Civ. Action No. 17-1670-BAJ-EWD, 2018 WL 4346834, at *3 (M.D. La. July 17, 2018) *report and recommendation adopted sub nom. Akingkugbe v. Red Frog Events, LLC*, No. CV 17-01670-BAJ-EWD, 2018 WL 4343397 (M.D. La. Sept. 10, 2018); *see also, Donahue v. Pinnacle Entertainment, Inc.,* Civ. Action No. 18-1017-SDD-EWD, 2019 WL 2396177, at *2 (M.D. La. May 3, 2019) and *White v. Cobb*, No. CV 17-441-JWD-EWD, 2017 WL 6348366, at *5-6 (M.D. La. Nov. 14, 2017), *report and recommendation adopted*, No. CV 17-441-JWD-EWD, 2017 WL 6349047 (M.D. La. Dec. 12, 2017).

[15] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, July 22, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**